

**FILED & ENTERED**

APR 18 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AMANUEL DEVON BROOKS,<br><br>                  Debtor. | Case No. 2:17-bk-15655-RK<br><br>Chapter 7<br><br>**ORDER DENYING (1) APPLICATION OF NEUTRAL GROUND FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)] AND (2) ITS EX PARTE REQUEST FOR RECONSIDERATION OF IN REM STAY RELIEF ORDER** |

      Pending before the court in this reopened bankruptcy case are the Application of Neutral Ground for Order Setting Hearing on Shortened Notice, filed on April 16, 2018, (Docket Number 47) and its Ex Parte Request of Movant Neutral Ground ("Movant") for Reconsideration/Relief From In Rem Relief Order Granted to Movant: Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust (Docket Number 46), filed on April 12, 2018.  Dana M. Douglas, Attorney at Law, represents Neutral Ground, in these matters.  Ms. Douglas was also bankruptcy counsel of record for Debtor Amanuel Devon Brooks in this case.

      Having considered the Movant's application for order setting hearing on shortened notice and the ex parte request for reconsideration, the court rules and

orders as follows:

1. The application for an order setting hearing on shortened notice is denied for lack of good cause under Local Bankruptcy Rule 9075-1. Movant fails to provide admissible and competent evidence that it has standing to seek the requested relief because the papers in support of the application and the ex parte request do not show that Neutral Grounds has any interest in the real property located at 1619 West 38th Street, Los Angeles, CA 90062, which was the subject of the in rem stay relief order pursuant to 11 U.S.C. § 362(d)(4) filed and entered in this case on December 20, 2017. The only evidence in these papers to show that Movant is the owner of the subject property consists of the conclusory assertions in the declarations of Movant's attorney, Ms. Douglas, and Debtor, who do not claim to be the owners of the property and who have not shown that they have personal knowledge of the alleged fact of Movant's ownership as required by Federal Rule of Evidence 602. There is no competent and admissible testimony in a declaration under penalty of perjury of a witness with demonstrated personal knowledge of Movant's alleged ownership of the subject property. Moreover, such assertions of Movant's ownership are not evidenced by any documents such as recorded deeds showing title in Movant.

2. Movant in its papers has failed to make any prima facie evidentiary showing that the court's in rem stay relief order was erroneous to warrant relief since Movant's principal, Corey Sims, who was the original borrower on the loan secured by a lien on the subject property transferred a fractional interest to Debtor on December 7, 2016 as the date of execution indicated on the deed to Debtor, which was before Debtor filed his bankruptcy petition in this case on May 8, 2017. This transfer indicated that Debtor had a prepetition interest in the subject property from the borrower without the consent of the lender, implicating the automatic stay arising in this case as to any action by the lender to enforce its lien against debtor's interest in the subject property under 11 U.S.C. § 362(a). The lender, Deutsche Bank National Trust Co., as Trustee for Harborview Mortgage Loan Trust, filed the motion for in rem stay relief pursuant to 11

U.S.C. § 362(d)(4), Motion for Relief from Stay, on November 21, 2017 (Docket Number 37), which the court granted, resulting in the in rem stay relief order, which is the subject of Movant's request for reconsideration.  Ms. Douglas, then as Debtor's Counsel, and Debtor were served with the November 21, 2017 Motion for Relief from Stay (Docket No. 37).  While Debtor now asserts in his declaration in support of Movant's application and ex parte request that he was not properly served with the in rem stay relief motion, Debtor filed a response to the Motion for Relief from Stay (Docket No. 39), stating that he did not oppose the granting of the relief from the automatic stay, and not raising any service defect issue.  Thus, in any event, Debtor had waived any service objection.  In his opposition to the in rem stay relief motion, Debtor only opposed a finding of bad faith be entered against him and any finding that he was a borrower as defined in California Civil Code § 2920.5(c)(2)(C).  As Debtor requested, in the in rem stay relief order, the court did not make a finding of bad faith as to him, pursuant to 11 U.S.C. § 362(d)(4).

    3.  Debtor asserts that the subject property was not part of his bankruptcy estate because the Grant Deed transferring a 20% interest in the real property to him was not transferred to him until May 15, 2017, after he filed his bankruptcy petition in this case on May 8, 2017.  A copy of the Grant Deed attached as Exhibit 6 to the In Rem Motion for Relief from Stay shows the property was transferred from Corey Sims to Debtor by deed dated December 7, 2016, at least five months before Debtor filed his bankruptcy petition on May 8, 2017, and recorded on May 15, 2017.  Although Debtor states in his declaration that the transfer was made after he filed his bankruptcy case, the Grant Deed on its face indicates that the transfer took place prepetition and that Debtor had a prepetition interest in the subject property for purposes of inclusion in the bankruptcy estate under 11 U.S.C. § 541.  Either the transfer took place as represented by the date on the Grant Deed, December 7, 2016, or Movant's principal, Mr. Sims, backdated it to that date, for his own purposes to make it look like the transfer took place before Debtor filed his bankruptcy case to make it look like the automatic stay applied, apparently because the loan taken out by Mr. Sims on the subject property was not being paid.

Debtor in his declaration did not dispute the transfer, saying that "[a]n interest in the Property, which I believe to be of limited value because there likely is no equity in the Property, was transferred to me after I had already filed this case as an incentive to perform services by a business associate [i.e., Mr. Sims] who did not have the funds to pay me at the time he was seeking the services." The court also notes that as of the date of the transfer indicated on the Grant Deed, December 7, 2016, the transferor, presumably the title holder, was only Mr. Sims, Movant's principal, in his personal capacity, and not Movant. This indicates that Movant must have acquired the subject property afterwards, assuming for the sake of argument that if it did acquire an interest in the property, which is not shown by Movant's papers.

      4. It does not appear that the granting of in rem stay relief as to the subject property pursuant to 11 U.S.C. § 362(d)(4) was erroneous since the record on the in rem stay relief motion showed that a transfer of the subject property was made without the consent of the lender and that Debtor's bankruptcy petition was being used as part of a scheme to hinder, delay or defraud the secured lender in that the Grant Deed with a prepetition date of execution was recorded postpetition where the loan on the property was not being paid, apparently to stop collection activity of the lender, including foreclosure. Debtor did not oppose the in rem stay relief motion, except to the extent it sought a finding of bad faith on his part. Movant's principal, Mr. Sims, was served with the in rem stay relief motion at the address of the subject property, and did not oppose or otherwise respond to the motion. Movant contends that Mr. Sims was not properly served with the in rem stay relief motion at the property address since it is not his address of record, but Movant provides no evidence that the property address is not his address of record, that he was not served with the in rem stay relief motion or that he otherwise had no notice of the motion. The only evidence in support of the assertion that Movant or its principal, Mr. Sims, did not have notice of the lender's in rem stay relief motion consists of the conclusory assertions of Movant's counsel, Ms. Douglas, who has not shown that she has personal knowledge of the alleged fact of Movant's

lack of notice of the in rem stay relief motion proceedings in this case as required by Federal Rule of Evidence 602.  It is difficult to see how Ms. Douglas would have had personal knowledge of Movant's lack of notice of the in rem stay relief motion proceedings since she said herself in her declaration that she did not represent Movant at that time and then had no knowledge of Movant's relationship to the subject property.  There is no competent and admissible testimony in a declaration under penalty of perjury of a witness with demonstrated personal knowledge of Movant's alleged lack of notice of the in rem stay relief motion proceedings.

5. Although Movant's application and ex parte request and the Application do not specifically name Movant's principal, the court notes that by implication, he is Corey Sims, the original borrower, who was Movant's principal who transferred an interest in the property to Debtor as stated in the papers.  The proof of service of the in rem stay relief motion indicates that Mr. Sims was served with that motion at the address of the subject property.  There is no evidence in Movant's papers showing that service of the in rem stay relief motion on Movant's principal at the property address was improper or otherwise deficient, which might show that the order granting the in rem stay relief motion was in error as to Movant.

6. Movant does not establish good cause for this court to determine its request for reconsideration of the in rem stay relief order on an ex parte basis.  Movant requests that the court grant its request for reconsideration and set aside the in rem stay relief order which is a final, nonappealable order, pursuant to Federal Rule of Civil Procedure 60(b) on an ex parte basis.  None of the court's rules, including Local Bankruptcy Rules 9013-1 and 9075-1, permit that a motion for relief from judgment be granted on an ex parte basis.

7. Movant does not establish good cause for this court to grant its application for an order to set a hearing on its request for reconsideration of the in rem stay relief order on shortened notice.  Movant requests that the court grant its request for reconsideration and set aside the in rem stay relief order, which is a final,

nonappealable order, pursuant to Federal Rule of Civil Procedure 60(b) on an ex parte basis.  The court entered the order granting relief from stay on December 20, 2017 (Docket No. 42), after interested parties were given notice, including Debtor, Debtor's (and now Movant's) counsel and Movant's principal, the original borrower.  As stated above, Movant has not demonstrated its standing to seek reconsideration of the in rem stay relief order since it has not shown it had an interest in the subject property, and Movant has not shown that the in rem stay relief order was erroneous in that it as an owner should have been given notice.

8.  Movant has not shown exigent circumstances to warrant a hearing on shortened notice.   According to Movant, a foreclosure sale on the subject property took place on April 4, 2018 and the Trustee's Deed upon Sale was to be issued on April 16, 2018.  It would seem to the court that Movant had and has its nonbankruptcy state law remedies as the alleged owner of the property to oppose any foreclosure sale of the subject property before it occurred or afterwards, such as in a wrongful foreclosure or quiet title action in state court, and there is no explanation why these remedies have not been availed of.  As stated in the application, Movant has filed its own Chapter 11 bankruptcy case and cannot use the automatic stay to stop the foreclosure sale on the subject property since the in rem stay relief order was issued in this case, and thus, seeks relief from the in rem stay relief order so the automatic stay in its case applies to its interest in the subject property.  However, as stated above, Movant has not shown by competent and admissible evidence that it has any interest in the subject property, or that on this record, the in rem stay relief motion was erroneous in that it had not gotten notice of the in rem stay relief motion proceedings.  Based on this record, a hearing on shortened notice is not warranted in light of this lack of competent and admissible evidence that Movant has an interest in the subject property to which the in rem stay relief order relates and that Movant did not receive notice of the in rem stay relief motion proceedings affecting its alleged interest in the subject property.

The court denies Movant's application for an order setting hearing on shortened notice without prejudice to Movant filing and serving a renewed request for reconsideration on regular notice pursuant to Local Bankruptcy Rule 9013-1.

The court denies Movant's ex parte request for reconsideration without prejudice on procedural grounds.

IT IS SO ORDERED.

###

Date: April 18, 2018

Robert Kwan
United States Bankruptcy Judge